IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SOLANGE SOL, *et al.* | * |
| Plaintiffs, | * |
| v. | *     Civil Action No. 22-2999-AAQ |
| M & T BANK, *et al.*, | * |
| Defendants. | * |

\***

# MEMORANDUM OPINION

# AND ORDER

This is a case concerning a business dispute between two co-workers. Pending before the Court are Plaintiff Solange Sol's Motion for Preliminary Injunction (ECF No. 59) and Plaintiff's Motion to Treat her Motion for Preliminary Injunction as Conceded (ECF No. 60).[1] Plaintiff, specifically, asks the Court to: 1) enjoin Defendant Obed Longang from selling one piece of property located in Baltimore, MD; 2) enjoin Defendant Obed Longang from operating Gated Enterprise, LLC, a Maryland-based corporation at the center of this case; and 3) provide all information and property related to Gated Enterprise, LLC, to Plaintiff. ECF No. 59, at 2.

Plaintiff's Motion for Preliminary Injunction repeats the allegations from her Second Amended Complaint, while additionally providing an affidavit in support of them. At this point,

---

[1] As the Fourth Circuit has stated, a preliminary injunction is an extraordinary remedy. *Sun Microsystems, Inc. v. Microsoft Corp. (In re Microsoft Corp. Antitrust Litig.)*, 333 F.3d 517, 525 (4th Cir. 2003), *abrogated on other grounds by eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006). Accordingly, even if a non-moving party fails to respond, the Court must conduct its own analysis of whether a preliminary injunction is appropriate. *See CytImmune Scis., Inc. v. Paciotti*, 2016 WL 6879942, at *4 (D. Md. Nov. 22, 2016) ("Despite CytImmune's argument to the contrary, the Court can and must consider whether the party seeking a preliminary injunction has demonstrated a likelihood of success on the merits, even if the nonmovant fails to highlight the dispositive issue for the court to analyze."). Absent a showing that Plaintiff has met each of the relevant factors, the Court cannot grant the request.

the case turns on whether the Court believes that Plaintiff signed the documents the parties present to the Court, or whether, as Plaintiff alleges, Defendant Obed Longang forged her signature. Neither Plaintiff nor Defendant provides significant support for their respective positions. Accordingly, Plaintiff cannot establish that she is likely to succeed on the merits of her claims or that she is entitled to the scope of relief she requests. For these reasons and the additional reasons discussed below, Plaintiff's Motions shall be denied. However, as discussed below, Plaintiff shall be granted leave to either file a more limited Motion for Preliminary Relief or file a Second Motion for Preliminary Relief with any additional evidence she gathers over the course of the case.

**BACKGROUND**

On November 18, 2022, Plaintiff filed suit in this court alleging that Defendant Obed Jimpou Longang had taken control of Gated Enterprise, LLC, which Plaintiff allegedly lawfully owned and, after doing so, issued several checks without Plaintiff's knowledge and permission. ECF No. 12, at 5; *see also* ECF No. 1. Plaintiff additionally alleges that Defendant took out a loan in Plaintiff's business' name without Plaintiff's knowledge and permission. ECF No. 12, at 4-5. Plaintiff also filed suit against M&T Bank, as well as one of its former employees, for providing the loan to Defendant. *See e.g.* ECF No. 12, at 15, 17, 21, 24. Plaintiff has not sought preliminary relief against the bank or its former employee, Meme Mulugeta; accordingly, the allegations and claims against them are not a focus of this Opinion. *See* ECF No. 59-1, at 1.

Regarding Mr. Longang, Plaintiff alleges, supported by an affidavit, that she met him at church.[2]  ECF No. 59-4, at ¶ 7. Sometime thereafter, she shared details with him about her

---

[2] In another filing before this Court, Plaintiff described Mr. Longang as her brother. ECF No. 27-1, at 3, *NAB Homecare, Inc. v. Gated Entreprise, LLC et al*, No. 23-cv-00516-SAG (D. Md., filed Feb. 24, 2023). However, in her affidavit in this case, Plaintiff denies having any familial relationship with Mr. Longang. ECF No. 59-4, at 2.

2

business, Gated Enterprise. *Id.* at ¶ 8. Although Defendant offered to join Ms. Sol's business, according to Plaintiff, the two never signed any documents formalizing this relationship. *Id.* at ¶ 9. Defendant disputes the latter point and presents in support a document which Plaintiff allegedly signed, transferring ownership of eighty percent of Gated Enterprise to Defendant. ECF No. 61-2. Plaintiff, in response, alleges that Defendant forged her signature on this document, as well. ECF No. 68, at 1. Nonetheless, the parties agree that Plaintiff allowed Defendant to begin working for Gated Enterprise. ECF No. 59-4, at ¶ 10.

According to Plaintiff, in May 2022, she "uncovered a secret file containing her full name, social security number, driver's license, home address, and a loan application with M&T Bank dated and signed December 22, 2021. The signature was a forged signature made to appear as that of Ms. Sol." ECF No. 12, at 4. Thereafter, Plaintiff obtained from M&T Bank copies of several checks which she alleges were made without her permission. *Id.* at 5. Several of the allegedly forged checks were made out to Plaintiff, for which she fails to provide any explanation. *See* ECF No. 12-3, at 7, 9, 11, 27, 33, 34, 39. Thereafter, Plaintiff alleges that she uncovered several additional documents, including identification cards with Defendant's photo, but with other persons' names. ECF No. 12, at 5-6. Plaintiff has provided the court with photographs of the identification cards, as well as the checks. *See* ECF No. 12-1, at 1; ECF No. 12-3.

On March 4, 2023, Plaintiff filed an Amended Complaint against each of the Defendants. ECF No. 12. Regarding Mr. Longang, Plaintiff alleged that he had committed several civil violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, had tortuously interfered with prospective advantage and contractual relations, and had committed intentional misrepresentation. ECF No. 12, at 15-34. Plaintiff also included a claim for equitable

3

accounting. *Id.* at 30. On May 8, 2023, Plaintiff filed a Second Amended Complaint adding Gated Enterprise as a Plaintiff in the case. ECF No. 34-1.

On August 10, 2023, Plaintiff filed an Emergency Motion for a Temporary Restraining Order against Mr. Longang. ECF No. 49. The impetus for the filing was an email to Plaintiff's counsel from a third-party regarding Defendant's attempt to sell a property which Defendant owns and which Plaintiff alleges that Defendant purchased with funds that he had misappropriated from Gated Enterprise. ECF No. 49-2, at 14. Additionally, Plaintiff alleges that Defendant has taken over her business and has prevented her from accessing it. *Id.*

On August 11, 2023, the Court held a hearing on Plaintiff's TRO request. ECF No. 55. As discussed at the hearing and then later memorialized in an Order of the Court: 1) Plaintiff's request was more properly a request for preliminary injunction; and 2) certain dates would be set for the provision of documents to Defendant's counsel, briefing on Plaintiff's Motion for Preliminary Injunction, and any response to the Second Amended Complaint from Defendant. ECF No. 56. Counsel appeared on behalf of Defendant and agreed to the dates the Court proposed and later ordered. The Court also expressed concern regarding the substance of Plaintiff's Motion for Preliminary Injunction; among other things, it failed to provide any evidentiary support for her assertion that she was the sole owner of Gated Enterprise and that the property which Defendant allegedly seeks to sell has any relationship to the case. As the Court cautioned, while such support is not necessary to survive a Motion to Dismiss, it is important in assessing the likelihood that Plaintiff would succeed on the merits of her claim against Defendant. On August 16, 2023, Plaintiff, with the leave of the Court, provided an Amended Motion for Preliminary Injunction, which included an affidavit from Plaintiff, ECF No. 59-4; a text message from Defendant to Plaintiff informing her that her employment had been terminated, *id.*; a request for a small business

loan on which Plaintiff alleges Defendant forged her signature, ECF No. 59-5; and documents evidencing Defendant's incorporation of a separate entity named Gate International, Inc., ECF No. 59-6.

Importantly, for the purpose of the present Motions, during the hearing, Mr. Longang's counsel agreed to file any Opposition to Plaintiff's request for preliminary relief by August 28, 2023.  ECF No. 56.  Despite the Court's Order and Defendant's agreement to meet this deadline, Defendant did not provide any Opposition until September 18, 2023, ECF No. 61, which in turn prompted Plaintiff's Motion to Treat the Preliminary Injunction as Conceded.  ECF No. 60.  Plaintiff filed a Reply in Support of her Motion for Preliminary Injunction on September 30, 2023.  ECF No. 68.

## ANALYSIS

A preliminary injunction is an extraordinary remedy intended to protect "the status quo and prevent irreparable harm" during the pendency of a lawsuit.  *Pashby v. Delia*, 709 F.3d 307, 319 (4th Cir. 2013) (quoting *Sun Microsystems, Inc. (In re Microsoft Corp. Antitrust Litig.)*, 333 F.3d at 525, *abrogated on other grounds by eBay Inc.*, 547 U.S. 388).  A preliminary injunction shall "be granted only if the moving party clearly establishes entitlement to the relief sought."  *Fed. Leasing, Inc. v. Underwriters at Lloyd's*, 650 F.2d 495, 499 (4th Cir. 1981).

A plaintiff seeking a preliminary injunction must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Courts considering whether to impose preliminary injunctions must separately consider each *Winter* factor.  *Pashby*, 709 F.3d at 321.

**I.      Likelihood of Success on the Merits**

Although Plaintiff's Second Amended Complaint advances various claims against Defendant, her briefing in support of the Motion for Preliminary Injunction addresses only her civil RICO claims and her request for equitable accounting. ECF No. 59-1, at 12-15. The Court will limit its analysis accordingly.

### A. Plaintiff's Civil RICO Claim

To establish a claim under RICO, a plaintiff must show: (1) a violation of 18 U.S.C. § 1962, (2) an injury to business or property, and (3) that the injury was caused by the violation of § 1962. *See Palmetto State Med. Ctr. v. Operation Lifeline,* 117 F.3d 142, 148 (4th Cir. 1997). Under § 1962(c), a plaintiff must allege: "(1) conduct [causing injury to business or property] (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).

Importantly for the purposes of the present Motion, "[t]he enterprise must be distinct from the persons alleged to have violated § 1962(c)." *Palmetto State Med. Cent.*, 117 F.3d at 148 (citing *New Beckley Mining Corp. v. Int'l Union, United Mine Workers of Am.*, 18 F.3d 1161, 1163 (4th Cir.1994)). An "enterprise" "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). Moreover, "[f]rom the terms of RICO, it is apparent that an association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. U.S.*, 556 U.S. 938, 946 (2009).

In this case, Plaintiff alleges that Defendant and Ms. Mulugeta worked together to process the fraudulent loan taken in the name of Gated Enterprise. While Plaintiff's Second Amended Complaint includes allegations against Ms. Mulugeta, ECF No. 34, at 11, Plaintiff's affidavit is

silent as to Ms. Mulugeta, making it difficult to ascertain the nature and length of their relationship and accordingly, whether any joint enterprise between them existed.

Further, as the Court highlighted during the hearing on Plaintiff's Motion, for Plaintiff to ultimately prevail, she will have to show that she, in fact, remained the rightful owner of Gated Enterprise after Defendant began working with her, and that the signatures on the checks and the loan application were forged.  Proving such will be essential to show that any enterprise perpetuated a fraud against her.  In support, Plaintiff has presented only her affidavit and copies of the documents which were allegedly forged.  In response, Defendant has presented a signed document transferring ownership of eighty percent of Gated Enterprise to him.  Ultimately, whether Plaintiff prevails will depend on whether the Court finds Plaintiff's allegations in her affidavit to be credible.  The affidavit, however, is vague; failing to provide, for example, any information as to precisely when she met Defendant, when Defendant began working for her, and how and why Defendant began working for Gated Enterprise, if Plaintiff did not formalize any business relationship with him.  Plaintiff's failure to provide any of these details undercuts the persuasiveness of her assertions in the affidavit.

Aside from her affidavit, Plaintiff relies on purported differences in her signature as written on documents which she admits she signed and on which she alleges were forged.  While there may be some differences, any distinctions are not so apparent that the Court can readily conclude that the documents were signed by different individuals.  Furthermore, as highlighted during the hearing, Plaintiff has failed to offer any explanation why several of the allegedly forged checks were made out to Plaintiff.  Had Plaintiff presented expert testimony in support of her position, the Court may have reached a different conclusion.  Likewise, were the applicable standard a different one, this information, along with the photographs of multiple identification cards bearing

Defendant's photograph, may have been sufficient for Plaintiff to garner relief. However, the Court cannot conclude, in the face of a signed document to the contrary, that Plaintiff is likely to succeed on the merits of her civil RICO claim.

This conclusion is further buttressed by the limited evidence regarding Ms. Mulugeta's role in the enterprise. Plaintiff's evidence consists entirely of allegations in her Second Amended Complaint that Ms. Mulugeta should have recognized that the signature on the loan application differed from the signature on other checks that Plaintiff had signed, as well as Plaintiff's unsupported allegation that Ms. Mulugeta admitted that she was in business with Defendant. ECF No. 59-1, at 13. Although Ms. Mulugeta is not a subject of the present Motions, Ms. Mulugeta has filed a Motion to Dismiss in which she alleges that Plaintiff has failed to adequately plead a civil RICO claim. ECF No. 39-1, at 10. Specifically, Ms. Mulugeta argues that Plaintiff has failed to allege sufficient details regarding the misrepresentations. ECF No. 39-1, at 12-13. While the Court makes no determination presently as to the sufficiency of the allegations in the Second Amended Complaint, the lack of evidence substantiating Ms. Mulugeta's role in the enterprise further weakens Plaintiff's argument that she is likely to succeed on her civil RICO claim.

### B. Plaintiff's Claim for Equitable Accounting

The general rule in Maryland "is that a suit in equity for an accounting may be maintained when the remedies at law are inadequate." *P.V. Props., Inc. v. Rock Creek Vill. Assocs. Ltd. P'ship*, 549 A.2d 403, 409 (Md. App. 1988) (citing *Nagel v. Todd*, 185 Md. 512, 45 A.2d 326 (1946)).

> An accounting may be had where one party is under an obligation to pay money to another based upon facts and records which are known and kept exclusively by the party to whom the obligation is owed, or where there is a confidential or fiduciary relation between the parties, and a duty rests upon the defendant to render an account.

*Id.* (citing *Gianakos v. Magiros*, 208 A.2d 718 (Md. 1965); *Dormay Constr. Corp. v. Doric Co.*, 156 A.2d 632 (Md. 1959); *Johnson v. Bugle Coat, Apron & Linen Serv., Inc.*, 60 A.2d 686 (Md. 1947); *Nagel*, 45 A.2d 326; *Cook v. Hollyday*, 45 A.2d 768 (Md. 1945); *Anderson v. Watson*, 118 A. 569 (Md. 1922)). "To bring an action in accounting, the plaintiff must demonstrate that: 1) the defendant was under a legal duty to account for money or property of another; 2) the defendant was compelled to render such account; and 3) the defendant has failed to render such account." *Steinberg v. Mayer*, No. 3477, 2020 WL 2216200, at *8 (Md. App. May 6, 2020).

Plaintiff is unable to show that she is likely to prevail on the merits of her claim for equitable accounting for many of the same reasons that she is unable to demonstrate that she is likely to prevail on her civil RICO claim. Although Plaintiff acknowledges the existence of a signed document transferring ownership of eighty percent of Gated Enterprise to Defendant, Plaintiff again argues that Defendant forged the document. Thus, Plaintiff argues that in failing to provide her an accounting, Defendant has violated the law. ECF No. 59-1, at 14. As discussed above, while Defendant's alleged possession of multiple identification cards creates serious questions as to his veracity, ultimately the outcome of the claim turns on whether the trier of fact finds the allegations in Plaintiff's affidavit credible. At this stage, the court cannot conclude that Plaintiff is likely to prevail on her claim based on her assertions, where a signed document contradicts them. Further, as noted above, Plaintiff has failed to explain why the signature on the allegedly forged document matches the signature on several checks written to Plaintiff. Finally, absent expert testimony or some other support beyond Plaintiff's assertions, the Court cannot conclude at this stage that the documents were forged.

To be clear, the Court is not concluding that Defendant has provided sufficient evidence to defeat Plaintiff's claims or even that the balance of evidence weighs in Defendant's favor.[3] Rather, where, as here, the evidence is in equipoise and Plaintiff's request turns largely on her affidavit, the Court cannot conclude, for the purposes of a preliminary injunction, that Plaintiff is likely to prevail on her claim.

In her Reply in Support of the Motion for Preliminary Injunction, Plaintiff argues that even if the document is valid, she is still entitled to access Gated Enterprise, because she retains twenty percent of the organization. ECF No. 68, at 3. While this may be the case, this is not one of the types of relief Plaintiff's Motion requested. Rather, Plaintiff's Motion sought to enjoin Defendant from access to the corporation and require that he turn over all property related to the entity to Plaintiff. Had Plaintiff requested that the Court provide her relief commensurate with ownership of twenty percent of Gated Enterprise, the Court may have reached a different result.[4] As discussed below, Plaintiff may refile her Motion with either additional information, or a request more properly tailored to the information available to her.

**II.     Irreparable Harm**

A plaintiff need not establish a "certainty of success," but must make a clear showing that he is likely to succeed at trial. *Pashby*, 709 F.3d at 321. "Similarly, a plaintiff must demonstrate more than just a 'possibility' of irreparable harm." *DiBase v. SPX Corp.*, 872 F.3d 224, 230 (4th

---

[3] To put an even finer point on the matter, the evidence before the Court, at the current stage, is enough to create a genuine issue of material fact as to who owns Gated Enterprise but is insufficient to show that Plaintiff is likely to prevail on her claim before any discovery in the case has been conducted.

[4] This is not to say that this will be the only type of relief Plaintiff will be entitled to at the conclusion of the case, but rather, at this stage and based on the present record, Plaintiff is not entitled to anything greater.

Cir. 2017). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (quoting *Va. Petroleum Jobbers Ass'n v. FPC*, 259 F.2d 921, 925 (1958)). A plaintiff must overcome the presumption that a preliminary injunction will not issue when the harm suffered can be remedied by money damages at the time of judgment. *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994).

Plaintiff meets this standard. Plaintiff argues that allowing Defendant to fraudulently operate Gated Enterprise will continue to subject her to criminal and civil liability. Beyond general assertions, Plaintiff has failed to explain how Defendant's actions will expose her to criminal liability. ECF No. 59-1, at 16. However, Plaintiff's alternative argument has more merit. After Plaintiff initiated suit in this case, NAB HomeCare, a Virginia-based corporation that also provides in-home care services, filed suit against Gated Enterprise, as well as Plaintiff and Defendant, alleging that all three of them violated an agreement that gave NAB the exclusive right to offer in-home care services in certain parts of Virginia. ECF No. 1, *NAB Homecare, Inc. v. Gated Entreprise, LLC et al.*, No. 23-cv-00516-SAG (D. Md., filed Feb. 24, 2023). *See also Columbia Gas Transmission, LLC v. 1.01 Acres, More or Less*, 768 F.3d 300, 316 (3d Cir. 2014) (holding that financial harm, along with "safety and potential liability concerns," constituted irreparable harm). Plaintiff alleges that when these actions allegedly occurred, she was travelling

11

internationally and thus had no role in their occurrence. ECF No. 59-4, at 2. The case remains pending, thus continuing to subject Plaintiff to the very real risk of civil liability.

Additionally, Plaintiff alleges that unless the Court grants her request for preliminary relief, Defendant will dispose of the assets he fraudulently obtained from Gated Enterprise, thereby preventing her from collecting on any judgment against him. ECF No. 59-1, at 16. This argument suffers from several flaws. First, as highlighted during the hearing, although Plaintiff provides an email substantiating her claim that Defendant is attempting to sell one of his properties, she provides no evidence that the property was obtained with funds from Plaintiff or Gated Enterprise. Second, Plaintiff's argument is contingent on proving that she will prevail, which, as discussed, remains in question. Third, although there is some evidence that Defendant is attempting to sell his properties, this does not demonstrate that he will not have the funding from these sales when this case concludes. *See Sunday Sch. Bd., Of the S. Baptist Convention v. U.S. Postal Serv.*, No. 99–5018, 1999 WL 322746, at *1 (D.D.C. Apr. 30, 1999) (per curiam) ("Although economic loss may constitute irreparable harm, the [plaintiff] has not shown that the alleged potential liability is unrecoverable or that it will be forced to go out of business by the uncertainty.").

Nonetheless, Plaintiff's credible and serious concern that Defendant's continued operation of Gated Enterprise will subject her to additional civil liability is sufficient to establish the likelihood of irreparable harm absent action from the Court.

### III.    Balance of Harms

As the Fourth Circuit has explained:

> Even if Plaintiffs are likely to suffer irreparable harm in the absence of a preliminary injunction, we still must determine that the balance of the equities tips in their favor, "pay[ing] particular regard for the public consequences in employing the extraordinary remedy of injunction." This is because "courts of equity may go to greater

> lengths to give 'relief in furtherance of the public interest than they are accustomed to go when only private interests are involved.'"

*Int'l Refugee Assistance Project v. Trump*, 857 F.3d 554, 602 (4th Cir. 2017) (quoting *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982)).

The balance of equities in this case weighs in Plaintiff's favor. As discussed above, Defendant's continued operation of Gated Enterprise subjects Plaintiff to a credible fear of current and future civil liability. ECF No. 59-1, at 17. Additionally, if Plaintiff's allegations are correct, Defendant's continued operation of Gated Enterprise would deprive Plaintiff of the ability to operate the business which she allegedly founded. *Id.* In response, Defendant asserts only that were Plaintiff's request for injunctive relief granted, he would "suffer on account of inability to sell his property . . . ." ECF No. 61-1, at 5. The very real possibility of Plaintiff's liability, combined with the deprivation of access to the business in which she, at a minimum, has some interest, clearly outweighs Defendant's asserted interest in selling a single piece of property.

### IV.   Public Interest

Finally, before granting a motion for preliminary injunction, the court must find the relief requested is in the public interest. *See Winter*, 555 U.S. at 20. Plaintiff, without any response from Defendant, posits that the preliminary injunction will benefit the public by preventing Defendant from taking further fraudulent actions such as those which NAB accuses both parties of in its case. *See* ECF No. 59-1, at 18; ECF No. 61-1, at 5-6. The Court agrees that preventing fraud is a legitimate public interest. *See Standiford v. Rodriguez-Hernandez*, No. 5:10CV24, 2010 WL 3670721, at *6 (N.D.W.V. Sep. 15, 2010) (refusing to grant preliminary injunction because it would keep defendant from preventing fraud). Given Defendant's failure to provide any argument in response, the Court finds that the public interest weighs in favor of granting the preliminary injunction.

**CONCLUSION**

Given Plaintiff's failure to establish a likelihood of success on the merits, the Court shall deny Plaintiff's Motion for Preliminary Injunction. However, in light of Plaintiff's demonstrative showing on the other relevant factors, the Court shall do so without prejudice. To the extent that Plaintiff is able to: 1) provide concrete evidence supporting her claims as the case progresses; or 2) further tailor her request to the specific information available to her, the Court may reconsider Plaintiff's request.

So ordered.

Date: October 18, 2023                              _____/s/_____
                                                    Ajmel A. Quereshi
                                                    U.S. Magistrate Judge