UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Solange Sol, et al., | * | |
| Plaintiffs | * | |
| v. | * | Civil Case No. 8:22-cv-02999-AAQ |
| Obed Jipmou Longang, | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

This case involves an alleged scheme to defraud a business and one of its owners. Plaintiffs Solange Sol and Gated Enterprise, LLC have filed suit against Defendant Obed Longang alleging that he tortiously interfered with Plaintiffs' prospective business advantage, seeking an equitable accounting as well as other equitable and injunctive relief. Plaintiffs have been attempting to schedule Defendant's deposition for almost one year. However, for a variety of reasons, Defendant has failed to make himself available, despite Plaintiffs', as well as the Court's, repeated requests and warnings. When Defendant finally made himself available on January 24, 2025, Defendant appeared more than sixty minutes late, admitted he had failed to prepare for the deposition, repeatedly refused to answer questions, and then sought to terminate the deposition after less than two hours. In response, Plaintiffs have moved for sanctions arising out of Defendant's repeated refusal to sit for and complete the deposition. ECF No. 110. Also pending is Plaintiffs' Motion to Compel Defendant's Deposition, ECF No. 102, which the Court has previously deferred ruling on. *See* ECF No. 104 (staying the case during the hearing on the Motion on account of Defendant's counsel's health). For the reasons stated above, and discussed below, Plaintiffs' Motion to Compel shall be granted and Plaintiffs' Motion for Sanctions shall be granted, in part.

1

**BACKGROUND**

The factual allegations underlying this case are recounted in detail in this Court's Memorandum Opinion and Order of January 29, 2024. ECF No. 74. Accordingly, the recitation below will focus on the procedural history relevant to the pending Motion.

This case was initially filed in November of 2022, but has been repeatedly delayed by Defendant's failure to promptly respond to Plaintiffs' filings and the Court's Orders. On March 4, 2023, Plaintiffs filed an Amended Complaint against, among others, Defendant. ECF No. 12. They served Defendant via private process server on March 11, 2023. ECF No. 38. Because Defendant failed to respond, on July 6, 2023, Plaintiffs moved for a Clerk's Entry of Default, ECF No. 45, which the Clerk of the Court entered, ECF No. 58.

On August 10, 2023, Plaintiffs moved for a Temporary Restraining Order (TRO) against Defendant. ECF No. 49. The following day, the Court convened a Status Conference, during which the Court converted Plaintiffs' request for a TRO to a Motion for a Preliminary Injunction and set a briefing schedule for the latter. ECF No. 56. Although the Court ordered Defendant to provide any Opposition by August 28, 2023, ECF No. 56, at 2, Defendant did not file his Opposition until almost three weeks after the deadline. ECF No. 61. During the same Conference, the Court granted Defendant leave to file a Motion to Dismiss, ECF No. 56, at 2, which Defendant also filed two days after the Court-ordered deadline. ECF No. 69. Nonetheless, the Court considered Defendant's Opposition and Motion, denying Plaintiffs' Motion for a Preliminary Injunction, ECF No. 73, and granting Defendant's Motion to Dismiss, in part.[1] ECF No. 74.

---

[1] Plaintiffs also initially filed suit against M&T Bank and one of its employees, Meme Mulugeta. ECF No. 34, at 2. The Court dismissed some of Plaintiffs' claims against these defendants and Plaintiffs voluntarily dismissed the claims that remained. ECF No. 74, at 30-31; ECF Nos. 88, 89, 94, 95.

Defendant's problems complying with the Court's Orders continued as the case entered into discovery. On April 29, 2024, the parties submitted a Joint Proposed Scheduling Order, pursuant to which they must have completed all discovery by July 30, 2024. ECF No. 90, at 1. Shortly after the Court entered the Scheduling Order, Plaintiffs reached out to Defendant to schedule his deposition. *See* ECF No. 92, at 1. Between May 1 and July 6, 2024, Plaintiffs' counsel contacted Defendant's counsel four times to schedule Defendant's deposition, but Defendant's counsel failed to respond. ECF No. 92, at 1-2. On July 6, 2024, Defendant's counsel responded, stating that his client's undisclosed medical condition precluded him from withstanding the "stress of a deposition." *Id.* at 2. Accordingly, on July 10, 2024, Plaintiffs sought leave to file a motion to compel Defendant's deposition. *Id.* at 3.

On July 29, 2024, the Court held a Discovery Conference, during which the Court extended the discovery deadline for sixty days so that Plaintiffs could depose Defendant. ECF No. 96. Two days later, Plaintiffs' counsel emailed Defendant's counsel a list of dates he was available for the deposition. ECF No. 99, at 1. Defendant's counsel failed to respond for nearly two months, ultimately proposing three dates in early October outside the time period the Court had ordered. *Id.* at 1-2. As justification, Defendant's counsel cited unspecified health issues affecting him and his client. *Id.* at 1. Defendant's counsel stated that he would file a second Motion to Extend the Discovery Deadline, so as to allow a deposition in October, but never did. ECF No. 100, at 2.

On October 21, 2024, Plaintiffs filed a Second Motion Seeking Leave to File a Motion to Compel Defendant's Deposition. ECF No. 100. The Court granted Plaintiffs' request that same day, ECF No. 101, and Plaintiffs filed their Motion to Compel Defendant's Deposition on November 7, 2024, ECF No. 102. On November 19, 2024, the Court held an in-person discovery conference, during which the Court agreed, upon the parties' joint request, to stay the case until

3

January 21, 2025. ECF No. 104. The Court warned, however, that if the deposition had not been completed by that time, the Court would consider sanctions. Accordingly, the Court directed that any "Motion for Sanctions or Protective Order shall be due that day, as well, if the parties have not completed the deposition and cannot agree on a date for a deposition." *Id.* On November 21, 2024, Plaintiffs' counsel emailed Defendant's counsel seeking Defendant's availability for a deposition, ECF No. 114-1; according to Plaintiffs, Defendant's counsel never responded to the email. ECF No. 114, at 1. On January 21, 2025, the parties filed a Joint Status Report stating that they had agreed to conduct Defendant's deposition on January 24, 2025. ECF No. 108. According to Defendant, Plaintiffs provided notice of the deposition on the same day. ECF No. 113, at 1.

Although this hopefully would have been the end of the matter, the problems deepened on the day of the deposition. Although the deposition was set to begin at 9 A.M. Eastern Standard Time, ECF No. 109, at 1, Defendant did not arrive until arrive until shortly after 10 A.M, ECF No. 110-1, at 2. As a result, the parties began the deposition more than seventy minutes late. ECF No. 112-1, at 5:8. Once the deposition started, matters continued to unravel. First, Defendant repeatedly refused to answer a series of questions seeking non-privileged information. Instead of answering, Defendant engaged in arguments with Plaintiffs' counsel as to the legitimacy of the questions. *See*, *e.g.*, *id.* at 35:2 (responding "I don't see why that's relevant."); *id.* at 44:2-3 (responding "How would I remember the dates that happened four or five years ago?"); *id.* at 48: 13-15 ("This is the third time that I'm telling you that I don't recall. I don't [know] why you keep asking that question, I said I don't recall."). At times, Defendant's counsel contributed to the problems, instructing his client to not respond to questions seeking non-privileged information. *See id.* at 12:2-7 (instructing Defendant not to answer a question on the basis of relevance.). Defendant additionally admitted that he had failed to make any efforts to prepare for the deposition,

4

given the conflict between the deposition date and his wedding anniversary. *Id.* at 19:8-9 ("I didn't review any documents and I didn't prepare."); *id.* at 71:20-22 ("if I knew we were doing this today, I would've [c]ome better prepared with the bookkeeping and all of that."). Before the deposition was concluded, Defendant acknowledged that, despite his counsel's previous representations regarding his dire health condition, he maintained a busy travel schedule, having stayed in several places for thirty days or more over the course of the previous three years. *Id.* at 20:16-17. Among other cities, Defendant admitted that he had traveled to Los Angeles, Houston, Dallas, Atlanta, and New Orleans. *Id.* at 18:3-7. After less than two hours, Defendant's counsel announced that the deposition would have to conclude by 12:30 P.M. because of a medical appointment at 1 P.M. *Id.* at 90:12-18. Likewise, Defendant revealed that he had booked a flight to depart Baltimore around 3 P.M. that day. *Id.* at 91:9-14. After some discussions, the parties agreed to reconvene the deposition on February 6, 2025 at 9 A.M. *Id.* at 97:5-11. However, the day before the deposition, Defendant's counsel asked to delay the deposition because Defendant had contracted COVID-19. ECF 110-1, at 2. Defendant's counsel offered to conduct the deposition on February 20, 2025, but Plaintiffs rejected the request on account of a conflict and concerns that the deposition would ultimately not occur. *Id.*

On March 11, 2025, Plaintiffs filed the present Motion, seeking sanctions, including, but not limited to the awarding of costs and fees associated with the Motion and Defendant's first deposition, an Order prohibiting Defendant from presenting any evidence at trial, and an Order finding that Plaintiffs have proven the allegations in the Complaint against Defendant. ECF No. 110-2. Consistent with his conduct throughout the case, Defendant failed to respond to the Motion within the fourteen days allowed by this Court's Local Rules. L.R. 103(5)(b) (D. Md.). On April 6, 2025, the Court entered an Order requiring Plaintiffs to provide a transcript of the deposition

within eight days, and for Defendant to provide any response to the Motion within the same time frame. ECF No. 111. Defendant again failed to comply with the Court's Order, filing his Opposition on April 15, 2025. ECF No. 113. According to the Opposition:

> Defendant['s] illness was not a refusal or a way to not respect discovery. Defendant is a very sick individual who is battling post-surgical complications while managing diabetes and high blood pressure. Exacerbations of these conditions can render Defendant incapacitated at any time for days or weeks.

ECF No. 113, at 2. In support, Defendant provided a note from an urgent care provider which only stated that Defendant was under the care of the provider and would be fit to resume work on February 20, 2025. ECF No. 113-1.

## LEGAL STANDARD

Fed. R. Civ. P. 37 grants district courts wide discretion to impose sanctions for a party's failure to comply with its discovery orders, including entry of default judgment. *See, e.g.*, *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assoc., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Similarly, district courts have the "inherent power" to sanction a party, including entry of default or dismissal of an action, when a party abuses the judicial process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process. *Projects Mgmt. Co. v. Dyncorp Int'l, LLC*, 734 F.3d 366, 373-74 (4th Cir. 2013) (citing *U.S. v. Shaffer Equip. Co.*, 11 F.3d 450, 461-63 (4th Cir.1993)).

## ANALYSIS

Courts in the Fourth Circuit must consider four factors in determining what sanctions to impose for a party's discovery misconduct: (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice noncompliance caused the adversary; (3) the need to deter that particular type of non-compliance; and (4) whether less severe sanctions would be sufficient. *S.*

6

*States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003) (quoting *Anderson v. Found. For Advancement, Educ. & Emp. of Am. Indians*, 155 F.3d 500, 504 (4th Cir.1998)).

    **I.**    **Defendant's Bad Faith is Apparent and Requires Deterrence.**

Defendant's conduct during his deposition on January 24, 2025, supported by the actions of his counsel, frustrated the purposes underlying the rules of discovery and requires sanction. *See U.S. v. 23.76 Acres of Land, More or Less, in Anne Arundel County, State of Md.*, 32 F.R.D. 593, 596 (D. Md. 1963) ("The purpose of discovery is to permit each party to learn of the other party's version [of the transaction or occurrence at issue]."). To fail to do so would encourage that the type of behavior that Defendant appears to have become accustomed to.

Defendant's bad faith is apparent from numerous actions he took on the day of the deposition. Although the deposition had been noticed to begin at 9 A.M., Defendant arrived more than an hour later, resulting in the deposition beginning more than seventy minutes late. Further, once the deposition began, it became readily apparent that Defendant did not intend to participate in good faith, arguing with Plaintiffs' counsel and refusing to answer questions seeking non-privileged information. Were this not enough, less than two hours into the deposition, Defendant and his counsel announced that they would be terminating the deposition within the next thirty minutes. Although Defendant previously had defended his failure to appear for a deposition on account of his health, Defendant's refusal to complete the deposition was not on account of a health condition, but rather his purposeful decision to book a flight at 3 P.M. that afternoon for a personal commitment.

Defendant's conduct on the day of his deposition builds upon a long record of disregard for Plaintiffs' efforts and the Court's Orders regarding the matter. As discussed above, Plaintiffs

7

have been attempting, with the Court's assistance, to schedule Defendant's deposition for approximately one year.  Defendant, in turn, has repeatedly refused to respond to communications from Plaintiffs attempting to schedule a date and then has repeatedly proposed dates, beyond the discovery period, which, even when Plaintiffs and the Court have accommodated, he has later cancelled or failed to complete.  Defendant has attempted to justify his actions on account of his health, but Defendant has failed to submit documentation establishing his inability to sit for a deposition at any time over the course of the year discovery has been proceeding.  Rather, the submitted documentation, at most, establishes that he has been seeking medical care.  Defendant's assertions are further undercut by his admissions during the deposition, admitting that while he has been avoiding deposition, he has been regularly traveling across the country, including to Los Angeles, Houston, Dallas, Atlanta, and New Orleans.  Furthermore, even were Defendant's assertions regarding his health substantiated, they do not justify his failure to work in good faith to schedule a date for a deposition, but instead ignore requests from Plaintiffs to schedule a date for months at a time – in some cases, just days after assuring the Court that he would work cooperatively with Plaintiffs to resolve the matter.

Finally, Defendant's bad faith is apparent, given that it accords with his conduct throughout the case more generally.  In every instance in which Defendant has been ordered to provide briefing, Defendant has failed to do so in a timely manner.  While in the interest of ensuring a decision on the merits, the Court has repeatedly granted Defendant leave to submit briefing out of time, he has, nonetheless, missed the deadlines for even those belated filings.  Most recently, Defendant repeated this pattern when opposing Plaintiffs' pending Motion for Sanctions.  Given the repeated nature of Defendant's conduct, it requires deterrence.

**II.    Defendant's Conduct Has Unnecessarily Delayed This Case.**

Defendant's repeated refusal to sit for a deposition has unnecessarily prolonged the case, resulting in prejudice to the Plaintiffs and needlessly utilizing the Court's resources. After the Court granted Defendant's Motion to Dismiss, in part, and Plaintiffs achieved a resolution with the other original Defendants in the case, all that remained was Plaintiffs' singular claim for tortious interference with prospective business advantage. At heart, the case is not a complicated one; it turns on which party can muster sufficient documentary evidence to establish their allegations as to the ownership of Gated Enterprises LLC, and, if this is insufficient, whether the trier of fact believes Plaintiff Sol or Defendant regarding their ownership of the organization. Accordingly, the parties initially proposed that all discovery in the case be completed by July 29, 2024. The Court has since twice extended that deadline, not so that the parties may finish the last remaining parts of discovery, but only so that Plaintiffs may depose Defendant. Nonetheless, the parties have failed to complete even this basic step of discovery. As a result, although the parties should, at a minimum, have briefed any dispositive Motion, they are in the same position they were when this Court issued the initial Scheduling Order in this case approximately one year ago.

### III. The Court Shall Impose Costs, and, if Necessary, Increasing Sanctions if Defendant Fails to Promptly Appear for His Deposition.

Plaintiffs, at a minimum, are entitled to their fees and costs associated with the truncated deposition which the parties were unable to complete on January 24, 2025, on account of Defendant's failure to appear timely, inappropriate objections, and unilateral decision to terminate the deposition after less than two hours. Likewise, Plaintiffs are entitled to the fees and costs associated with preparing and filing the present Motion arising out of Defendant's failure to meaningfully participate in the deposition. These fees and costs account for only Defendant's most recent actions and assume that Defendant had some basis in fact or law for his prior conduct, which the Court could have sanctioned as well, given the sum of Defendant's conduct.

9

Plaintiffs, additionally, seek a variety of other sanctions – akin to default judgment – which the Court has considered, but will hold off on, one final time, in the hopes that Defendant will promptly appear for his deposition and comply with the Federal Rules of Civil Procedure, knowing that the Court will impose these additional sanctions without further hesitation. When a sanction involves judgment by default, the district court's "range of discretion is more narrow" because the district court's desire to uphold the integrity of the judicial process is "confronted head-on by the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav.*, 872 F.2d at 92 (quoting *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977)); *see also Projects Mgmt.*, 734 F.3d. at 373–74. Before exercising its inherent power to impose the "most extreme sanctions," i.e. dismissal without considering the merits or entry of judgment by default, a court must weigh the following factors:

> (1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest.

*Projects Mgmt.*, 734 F.3d at 373–74 (quoting *Shaffer Equip.*, 11 F.3d at 462–63).

As noted above, several of these factors weigh in favor of the harsher sanctions that Plaintiffs additionally request. Defendant has repeatedly delayed scheduling a deposition, and, when he appeared, demonstrated a lack of respect and commitment to the process evidencing his culpability. The result of Defendant's conduct has been multiple Motions, conferences with the Court, and extensions of the discovery deadline that have prejudiced Plaintiffs and the administration of justice.

However, while some action must be taken to address Defendant's conduct up to this point, at least some factors cut against imposing the severest sanctions available to the Court. Although it is unclear whether Defendant's health problems justify his failure to sit for a deposition, Defendant has demonstrated that he is currently receiving medical treatment which may have some impact on his availability, even if not to the degree he claims. Likewise, as Plaintiffs' counsel acknowledged during the Court's Second Conference on this matter, Defendant's counsel has been affected by health complications, as well. Finally, the Court notes that, as this is the first time it is imposing sanctions in this case, it is possible that the imposition of these lesser sanctions will be sufficient to deter future conduct of the like in this case. Accordingly, the Court will deny Plaintiffs' request for additional sanctions, without prejudice, in the hopes that Defendant will, in compliance with the instructions below, work quickly to appear for his deposition and complete discovery in this case. However, if Defendant fails to do so, the Court will impose, with increasing severity, the additional sanctions Plaintiffs have requested.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Sanctions shall be granted, in part, and denied, in part, without prejudice. Within fourteen days, Plaintiffs shall submit, with support, a list of fees and costs associated with the Motion for Sanctions and the incomplete deposition of January 24, 2025.

Additionally, Plaintiffs' Motion to Compel shall be granted. Within seven days, the parties shall separately inform Chambers of all dates they are available for the deposition within the next thirty days. Upon receipt of these dates, the Court shall enter an Order requiring Defendant to appear for a deposition that shall last no longer than five hours, at a location to be agreed upon by

the parties. If Defendant fails to appear, the Court shall impose additional sanctions limiting his ability to contest liability going forward.

      So ordered.

Date: April 30, 2025                                                          /s/
                                                                         Ajmel A. Quereshi
                                                                         U.S. Magistrate Judge